12 F.3d 1108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Willie Lee PREE, Plaintiff-Appellant,
v.
Gary BACKUS, et al., Defendant-Appellees.
 No. 93-16794.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Nov. 22, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Willie Lee Pree appeals pro se the district court's dismissal of his action as frivolous under 28 U.S.C. Sec. 1915(d). We have jurisdiction under 28 U.S.C. Sec. 1291. We review the district court's dismissal under 28 U.S.C. Sec. 1915(d) for an abuse of discretion, see Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and we affirm.
 
 
 3
 The district court dismissed Pree's action against Edward C. Reed, a United States District Court Judge, because Judge Reed enjoyed absolute judicial immunity. Pree contends this dismissal was in error. Frivolous in forma pauperis complaints may be dismissed sua sponte by the district court under Sec. 1915(d). See Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or fact." Id. at 325.
 
 
 4
 Pree's vague allegations of a conspiracy between Judge Reed and his own counsel Gary Backus to deprive him of his civil rights are based on Judge Reed's rulings and judgment in Pree v. Stone and Webster Eng'g Corp., 607 F.Supp. 945 (D.Nev.1985).[1] Because these allegations are based on the conduct of a judge acting within the scope of his judicial authority, and as such conduct entitles the judge to absolute immunity from suit, see Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc), the district court properly dismissed this complaint against Judge Reed as frivolous.
 
 
 5
 To the extent Pree states any allegations against counsel Gary Backus, he states a claim for legal malpractice. However, legal malpractice is a state law cause of action. Because mere malpractice does not state a federal cause of action, and because all the parties are Nevada residents thereby precluding diversity jurisdiction, the district court did not have subject matter jurisdiction over claims against Backus. Accordingly, the district court properly dismissed this action as frivolous.[2]
 
 The judgment of the district court is
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Apparently, Pree had some success on the merits in the action before Judge Reed, but Pree is dissatisfied with the amount of compensation awarded
 
 
 [2]
 Pree's motion for appointment of counsel is denied